**BEFORE THE JUDICIAL PANEL ON**
**MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| In re:  WAL-MART HERBAL | ) |
| SUPPLEMENTS MARKETING AND SALES | ) |
| PRACTICES LITIGATION | )  MDL Docket No. 2620 |
| | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**CONSOLIDATION AND TRANSFER UNDER 28 U.S.C. §1407**

George J. Marshall, ("Marshall") and Scott Dahlin ("Dahlin") (collectively, "Plaintiffs"),

in the case styled *George J. Marshall and Scott Dahlin, individually and on behalf of all others*

*similarly situated v. Wal-Mart Stores, Inc.* ("Walmart")*,* United States District Court for the

Southern District of Florida, Case No. 0:15-cv-60246-WPD, hereby file this Memorandum of

Law in support of their Motion for Consolidation and Transfer of pretrial proceedings under 28

U.S.C. § 1407.

## I.     INTRODUCTION

The actions Plaintiffs seek to consolidate are consumer class action lawsuits against Wal-

Mart, a retail chain with more than 4,000 locations across the country, which sells herbal

supplements under its own private label "Spring Valley."  The actions that Plaintiffs seek to

consolidate meet all of the recognized criteria for transfer and consolidation.

First, there are common issues of fact among each of these cases.  Generally, plaintiffs in

these actions allege that Wal-Mart engaged in deceptive and unfair conduct in the labeling,

marketing and sale of several of its "Spring Valley" herbal supplement products.  In particular,

these complaints allege that Wal-Mart's "Spring Valley" branded Gingko Biloba, St. John's

Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto, do not actually

contain these herbs and, instead, contain contaminants, substitutes and fillers, of which many are

not identified on the product labels.  Consequently, rather than receiving "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto, consumers received worthless products that did not contain the ingredients listed on their labels.  The contamination, substitution, and false labeling of these herbal supplements constitute a deceptive business practice.

Second, transfer and consolidation of these actions would be just and efficient, as it would help to resolve competing and overlapping class actions, avoid inconsistent rulings and promote efficient discovery.

Finally, consolidating the matters in one court would be more convenient for the parties and witnesses. Plaintiffs seek the consolidation and transfer of these cases to the United States District Court for the Western District of Arkansas.  Wal-Mart is headquartered in the Western District of Arkansas, so many of the discoverable documents and witnesses likely are located within the District.  As of today, at least eighteen class action complaints have been filed against Wal-Mart, including in the Western District of Arkansas, containing these common allegations and common questions of fact.  Moreover, because the Wal-Mart actions have received a great deal of publicity, it is almost certain that numerous additional cases will be filed in the future.

## II.    LEGAL STANDARD

Actions containing allegations with common questions of fact may be transferred and consolidated under section 1407 if transfer will be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers the following four factors in deciding whether to transfer a case under section 1407:

a.      the elimination of duplication in discovery;

b.      the avoidance of conflicting rules and schedules;

c.      the reduction of litigation cost; and

d.      the conservation of the time and effort of the parties, attorneys, witnesses and

courts.

*See* Manual for Complex litigation (Third) § 31.131 (1995) (citing *In re Plumbing Fixture Cases,* 298 F. Supp. 484 (J.P.M.L. 1968)). Each of these factors favors transfer and consolidation of the cases filed against Defendants.

### III.    ARGUMENT

#### A.      The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407

Pretrial transfer and consolidation under section 1407 is appropriate and necessary. These cases involve the same allegations and legal standards and they will likely be numerous. Unless these cases are consolidated, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

##### 1.  The Litigation Involves Common Questions of Fact

In assessing the appropriateness of consolidation under section 1407, the Panel looks to the pleadings to determine the extent to which common questions of fact are present. The Complaints in these cases clearly present common questions of fact.  Each Complaint is based on allegations that Wal-Mart engaged in deceptive business practices in the labeling, marketing and sale of its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto, which do not actually contain these herbs and, instead, contain contaminants, substitutes and fillers that are not identified on the product labels.

The cases also present other common questions of fact.  As plaintiffs in these cases have pled, the actions will require adjudication of fact questions, such as whether Wal-Mart engaged in unlawful, unfair or deceptive business practices and whether the products at issue were mislabeled.  In addition, the Complaints generally seek certification of similar classes.

**2.  The Parties Face Duplicative Discovery Absent Transfer and Consolidation**

Because the allegations of all the cases are essentially the same, the parties face duplicative discovery if the cases are not consolidated and transferred. This is an important consideration for the panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery…and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *Resource Exploration Inc. Sec. Litig.,* 483 F. Supp. 817, 821 (J.P.M.L. 1980).

The parties in these actions will necessarily engage in duplicative discovery. All Plaintiffs will be seeking the same documentation from Wal-Mart and will likely request to depose the same parties.  In response, Wal-Mart will raise the same class certification objections and discovery objections, seek the same protective orders and assert the same privileges in each case.  However, if the Panel consolidates and transfers the cases, the parties will coordinate their efforts and thus save all parties time and money.

**3.  Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings**

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. *See In re Enron Securities Derivative & ERISA Litig.,* 196 F. Supp. 2d 1375, 76 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the Complaints, and the likelihood

that future filed actions will contain the same, the possibility of inconsistent rulings on pretrial motions is substantially increased.

Wal-Mart is likely to present the same pretrial motions in each action and assert the same discovery objections and privileges. As an example, Plaintiff anticipates that Wal-Mart will file motions to dismiss and/or for summary judgment. Inconsistent rulings on those dispositive motions would pose a serious problem in that the purported Class is currently, and likely will remain, generally the same in each action. In addition, because of the similarity in the allegations, Wal-Mart will assert the same defenses in opposition to Plaintiffs' claims, creating a real risk of inconsistent pretrial rulings.  In light of this risk, it would be in the best interests of all involved, including the parties, the witnesses and the Court, to consolidate and transfer these actions.

**4.   There is Sufficient Numerosity to Support Transfer and Consolidation**

There have already been at least eighteen cases filed regarding this matter.  Given the significant pretrial publicity of the issues presented in this matter, Plaintiffs contend that additional cases will be filed in a multitude of districts, making transfer and consolidation essential.

In any event, the Panel has routinely ordered transfer and consolidation of five or fewer cases. *See In re Wireless Tel. Replacement Protection Programs Litig.,* 180 F.Supp.2d 1381, 1382 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Phila. Life Ins. Co. Sales Practices Litig.,* 149 F.Supp.2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust*

*Litig.,* 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp.,* 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions). As a result, there is sufficient authority for the transfer and consolidation of these actions against Wal-Mart.

### B.  The Western District of Arkansas is the Appropriate Transferee Forum

An analysis of applicable facts indicates that the Western District of Arkansas is the preferable court for consolidation of pretrial proceedings. As stated above, Wal-Mart maintains its principal place of business in Arkansas and regularly conducts business in Arkansas. As a result, many of the witnesses and documents are likely to be present in Arkansas. In addition, Northwest Arkansas Regional Airport is easily accessible for all parties. Consolidation of these proceedings in the Western District of Arkansas is convenient for all parties and witnesses and is the appropriate forum.

### IV.    CONCLUSION

Based upon the foregoing, Plaintiffs' Motion for Consolidation and Transfer Under section 1407 should be granted and the related actions, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court for the Western District of Arkansas.


Dated February 18, 2015                    Respectfully Submitted,

                                           /s/ John Yanchunis
                                           John A. Yanchunis*
                                           Jonathan B. Cohen*
                                           Rachel Soffin*
                                           Marcio W. Valladares*
                                           MORGAN & MORGAN COMPLEX LITIGATION
                                           GROUP
                                           201 N. Franklin St., 7th Floor

Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
jcohen@forthepeople.com
rsoffin@forthepeople.com
mvalladares@forthepeople.com

Elizabeth Hoskins Dow
Patrick O. Muench
Bailey & Glasser, LLP
3601 McDonough Street
Joliet, IL 60435
Telephone:  (815) 730-8213
Facsimile:   (304) 342-1110
ldow@baileyglasser.com
pmuench@baileyglasser.com

Michael L. Murphy*
Gregory Y. Porter*
Bailey & Glasser, LLP
910 17th Street NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 463-2101
Facsimile:  (202) 463-2103
mmurphy@baileyglasser.com
gporter@baileyglasser.com