# BEFORE THE JUDICIAL PANEL ON

# MULTIDISTRICT LITIGATION

| IN RE : WAL-MART HERBAL SUPPLEMENT MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 2620 |
|---|---|

**PLAINTIFFS PAUL DE LA TORRE AND JOSHUA OGDEN'S RESPONSE TO PLAINTIFF SHANE SPARKS' MOTION TO TRANSFER ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS, AND IN SUPPORT OF TRANSFER OF THE ACTIONS TO THE WESTERN DISTRICT OF ARKANSAS**

Plaintiffs Paul de la Torre and Joshua Ogden (hereafter "Plaintiffs de la Torre and Ogden") respectfully submit this Response to Plaintiff Shane Sparks' motion to transfer related *Wal-Mart Herbal Products Marketing and Sales Practices Litigation* actions to the Western District of Arkansas, Fayetteville Division for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Plaintiffs de la Torre and Ogden concur with, and join in, Sparks' motion in arguing that the pending Actions should be coordinated pursuant to 28 U.S.C. § 1407. Plaintiffs de la Torre and Ogden submit that the Western District of Arkansas is the most appropriate forum for consolidation because: (i) it has the resources, expertise, and docket to manage this matter expeditiously; and (ii) it is the most convenient and easily accessible jurisdiction for the attorneys and witnesses in this action.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.    The Common Facts in the Actions Support Transfer

Plaintiffs in these actions allege that Wal-Mart engaged in deceptive and unfair conduct in the labeling, marketing and sale of several of its "Spring Valley" herbal supplement products. In particular, these complaints allege that Wal-Mart's "Spring Valley" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea do not actually contain these herbs, and instead, contain contaminants, substitutes and fillers that are not identified on the product labels. Consequently, rather than receiving "Spring Valley" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea, consumers received worthless products that did not contain the ingredients listed on their labels. The contamination, substitution, and false labeling of these herbal supplements constitute a deceptive business practice.

## B.    Procedural Background

Plaintiffs de la Torre and Ogden's action, filed on February 5, 2015, was assigned to Magistrate Judge Nathanael M. Cousins, in the Northern District of California, San Jose Division. To date, no responsive pleading has been filed.

# II.    THE WESTERN DISTRICT OF ARKANSAS WOULD BE AN APPROPRIATE JURISDICTION FOR THIS MDL.

## A.    Transfer and Consolidation or Coordination of All Actions Is Appropriate Under 28 U.S.C. § 1407.

Title 28 U.S.C. § 1407 provides for the transfer of actions to one district for coordination or consolidated of pretrial proceedings where actions pending in different districts involve one or more common questions of fact and where transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.   28 U.S.C. § 1407 (a).

Transfer, coordination, and consolidation are appropriate here because many common

questions of fact and law exist. Each Action is based on allegations that Wal-Mart engaged in deceptive business practices in the labeling, marketing and sale of its "Spring Valley" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea, which do not actually contain these herbs and, instead, contain contaminants, substitutes and fillers that are not identified on the product labels. The cases also present other common questions of fact. As Plaintiffs in these cases have pleaded, the actions will require adjudication of fact questions, such as whether Wal-Mart's engaged in unlawful, unfair or deceptive business practices and whether the products at issue were mislabeled. In addition, the Complaints generally seek certification of similar classes.

       **B.**        **The Western District of Arkansas, Fayetteville Division Is the Appropriate Transferee Forum.**

    Based on the Panel's jurisprudence, a number of potential transferee forums can be appropriate venues for nearly any multidistrict litigation. However, careful analysis of the key factors of accessibility, judicial expertise and efficiency make the United States District Court for the Western District of Arkansas the *most* appropriate district for transfer of the current and future Related Actions for pretrial proceedings.

    A proposed transferee forum's accessibility to parties and witnesses is a factor that the Panel has given significant weight in choosing transferee forums. *See, e.g., In re Hypodermic Prods. Antitrust Litig.,* 408 F. Supp. 2d 1356, 1357 (J.P.M.L 2007) (choosing transferee forum, in part, because it was "easily accessible"). The Western District of Arkansas is an easily accessible transferee forum, a consideration that is particularly important here, because the Plaintiffs are geographically dispersed across the United States. In addition, Wal-Mart's corporate headquarters is located in the Western District of Arkansas. It is likely that many of the discoverable documents and material witnesses are located within the District.

    Proximity to defendant's documents, parties and witnesses should be given deference. Sparks' action filed in the Western District of Arkansas has been assigned to the Fayetteville

Division, an easily accessible location. The Western District of Arkansas, Fayetteville Division is centrally located geographically and therefore convenient and economical to access. Air travel to the Western District of Arkansas, Fayetteville Division, is convenient. Northwest Arkansas Regional Airport, which serves the District, is a metropolitan airport served by four major air passenger carriers, offering direct flights to all regions of the United States. *See* http://www.flyxna.com.

Additionally, the District's courthouses are state of the art. Given the complexity of the claims in this litigation, technology in the courtroom will be advantageous to the organization and management of the claims and discovery. As such, the Western District of Arkansas, Fayetteville Division is best suited to handle this MDL.

C.      **Docket Conditions Favor Transfer to the Western District of Arkansas.**

The general docket conditions of a potential transferee jurisdiction — the availability of the transferee court to attend to and efficiently advance the MDL — should be considered as part of the Panel's § 1407 transfer determination. *Manual for Complex Litigation, 4th,* Federal Judicial Center, § 20.131 at 221 (2011)("MCL") (among the factors the Panel will consider when selecting a transferee district is the "caseloads of available judges").

According to the data found in the *Judicial Business of the United States Courts*, *2009 Annual Report of the Director* ("Annual Report"), found at: http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics /2014/tables/C00Mar14.pdf, the Western District of Arkansas docket conditions support transfer of the herbal supplement related cases to that District.  As of 2014 there were 1151 civil cases pending in the Western District of Arkansas. *Annual Report* at Table C.  The Western District of Arkansas' median time to dispose of civil cases during the 12-month period ending March 31, 2014 was only 12 months.  *Id.* at Table C-5.  This information indicates that the Western District

of Arkansas' caseload is manageable and that its judges efficiently move cases through the justice system.  Docket conditions, therefore, favor transfer of this MDL to the Western District of Arkansas

> **D.**  **The Lack of MDL Cases in the Western District of Arkansas Weigh in Favor of Transfer to that Jurisdiction.**

The Panel has found that absence of MDL activity in a particular location is a factor in favor of transfer to that jurisdiction.  *See e.g., In re Pilgrim's Pride Fair Labor Standards Litig.*, 489 F. Supp. 2d 1381 (J.P.M.L. 2007) (transferring cases to the Western District of Arkansas, because, in part, the district "does not have any other multidistrict litigation dockets"); *In re Teflon*, 416 F. Supp. 2d at 1365 (determining to transfer cases to the Southern District of Iowa because, in part, the district "does not have any other multidistrict litigation dockets").

The Panel's "Distribution of Pending MDL Dockets (as of August 15, 2014)," indicates there are no MDLs pending in the Western District of Arkansas.  These facts suggest that the Western District of Arkansas will have the judicial and clerical resources necessary to accommodate this MDL, and that this MDL will not face competition in attention and resources presented by another MDL proceeding.

## IV.  CONCLUSION

For the reasons set forth herein, the Western District of Arkansas, Fayetteville Division, is an appropriate district for transfer and pretrial coordination of the Related Actions. Plaintiffs de la Torre and Ogden respectfully request that the Panel transfer the Related Actions, and any future Related Actions, to the United States District Court for the Western District of Arkansas, Fayetteville Division.

DATED: February 19, 2015    Respectfully submitted,

            _/s/ Ben F. Pierce Gore_

            Ben F. Pierce Gore
            **PRATT & ASSOCIATES**
            1871 The Alameda, Suite 425
            San Jose, California 95126
            Telephone: (408) 369-0800
            Facsimile: (408) 369-0752
            pgore@prattattorneys.com

            _Attorneys for Plaintiffs Paul de la Torre_
            _and Joshua Ogden_